**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MACK STEVEN MCCLOUD,**

    **Petitioner,**

  v.                 Case No. 12-C-0131

**ROBERT HUMPHREYS,**
**Warden of Kettle Moraine**
**Correctional Institution,**

    **Respondent.**

---

**DECISION AND ORDER**

---

    The pro se Petitioner, Mack Steven McCloud ("McCloud"), filed a motion to proceed *in forma pauperis* in this action and an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his release from the custody of Respondent Robert Humphreys ("Humphreys"), the Warden of the Kettle Moraine Correctional Institution, in Kettle Moraine, Wisconsin. Section 2241 of Title 28 of the United States Code grants federal courts the power to certify writs of habeas corpus. A brief procedural history provides essential background for the instant petition.

    McCloud is in state custody following his September 25, 2003, state court conviction by the Circuit Court for Milwaukee County, Wisconsin, for three counts of manufacturing and/or delivering less than or equal to five grams of cocaine (counts one through three) and one count of manufacturing and/or delivering between five and 15 grams of cocaine (count four). (Ex. 13 (J. Conviction).) On November 6, 2003, the state circuit

court judge sentenced McCloud to three years of prison confinement and three years of extended supervision consecutive to any other sentence on Count 1; three years of prison confinement and three years of extended supervision consecutive to Count 1 and to any other sentence on Count 2; three years of prison confinement and three years of extended supervision consecutive to Counts 1 and 2 and to any other sentence on Count 3; and five years of prison confinement and five years of extended supervision consecutive to Counts 1, 2 and 3 and to any other sentence on Count 4. (*Id.*)

McCloud contends that he is currently being confined on Counts 3 and 4 which were not supported by the evidence adduced at the preliminary hearing as these counts, among others, were brought in an amended information. (*See* Ex. 10.) McCloud maintains that the failure of his appellate counsel to object to the counts brought in the amended information, before filing the no-merit report on direct appeal, constitutes ineffective assistance of counsel. (Pet'r's Mem. 4-5.)

Previously on November 21, 2007, McCloud filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his September 2003 conviction. *See McCloud v. Jenkins*, Case No. 07-C-1050 (E.D. Wis.). In his 2007 petition, McCloud asserted that his trial, appellate, and postconviction counsel provided ineffective assistance; he was arrested in violation of his Fourth Amendment and due process rights; and inadmissible hearsay evidence was admitted at trial.

On December 21, 2007, in a ruling pursuant to Rule 4 of the Rules Governing § 2254 Cases, the district court summarily dismissed McCloud's petition for failure to

exhaust his state remedies as to some of his claims, including his claim of ineffective assistance of appellate counsel, and as to the exhausted claims because the state court had resolved such claims in a fashion consistent with federal law and United States Supreme Court precedent.[1] (App. P. 109-17.) A final judgment was entered that day. (App. P. 118.) The Seventh Circuit Court of Appeals denied a certificate of appealability on March 25, 2008. (App. P. 119.)

Subsequently, in the Wisconsin Court of Appeals, McCloud filed a petition for a writ of habeas corpus alleging that he was denied effective assistance of appellate counsel. The Wisconsin Court of Appeals denied McCloud's petition on February 22, 2011, because McCloud had failed to raise his current claims in prior habeas proceedings (App. P. 120-21), and upon reconsideration (App. P. 122). McCloud presented his petition to the Wisconsin Supreme Court which denied his petition on December 13, 2011, and thereafter, upon reconsideration. (*See* App. unnumbered [page following App. 123] & App. P. 129.)

McCloud filed his current petition on this District's form for an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Unfortunately for McCloud, the statutory label on a petition for a writ of habeas corpus is not dispositive because "when a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Indeed, "[r]oughly speaking, this makes § 2254 the exclusive

---

[1] The Order did not mention *Rhines v. Weber*, 544 U.S. 269 (2005), *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982), or any cases from that line of decisions.

-3-

vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Id.* Accordingly, because McCloud is in custody as a result of a state court judgment, his request for relief is governed by the requirements of § 2254 and McCloud's instant application for relief pursuant to § 2241 is recharacterized as a petition for a writ of habeas corpus pursuant to § 2254.

Parenthetically, the Court notes that, there is no need to give McCloud advance notice that his application is being recharacterized as a § 2254 petition because the instant application is not his initial petition challenging his 2003 conviction. Therefore, the dismissal of the instant habeas corpus petition will not *cause* any subsequent petition to be a sucessive petition. *Compare, Castro v. United States*, 540 U.S. 375, 383 (2003).

As alluded to, when a petitioner seeks to present new claims after the denial of a previous habeas petition on the merits, such action is substantively a successive habeas petition and consequently must be handled accordingly. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). McCloud's original § 2254 petition was dismissed, in part, on the merits of the claims presented. Therefore, his current petition is a "second or successive habeas corpus application." While the procedural posture of this action is unusual, because the merits of part of McCloud's 2007 petition were addressed while others were not since they were simply dismissed for failure to exhaust state remedies, this Court concludes that the mandate of § 2244(b)(1) that "[a] claim presented in a second . . . habeas corpus application under

-4-

Case 2:12-cv-00131-RTR   Filed 04/19/12   Page 4 of 8   Document 7

section 2254 that was presented in a prior application shall be dismissed" requires that this Court dismiss the present petition. *See Gonzalez*, 545 U.S. at 530.

Consequently, this action is dismissed for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). As a result, McCloud's motion for leave to proceed *in forma pauperis* is dismissed as moot.

McCloud is advised that this Court lacks jurisdiction to entertain any further collateral proceedings unless the Court of Appeals first grants permission under § 2244(b)(3). If McCloud intends to seek permission from the Court of Appeals to file a successive petition, he should be aware that 7th Cir. R. 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability "should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon due consideration of the multiple problems presented by McCloud's petition, the Court cannot say reasonable jurists would find it debatable either as to the procedural barriers to relief or on the merits. Therefore, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

McCloud's application for writ of habeas corpus is **RECHARACTERIZED** as a petition pursuant to § 2254;

This action is **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b);

McCloud's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DISMISSED** as moot;

The Court **DECLINES** to issue a certificate of appealability; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14

days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.
(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.